UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**EDOSA ADDLEY FESTUS OGBEBOR**         CASE NO. 6:24-CV-00313 SEC P

**VERSUS**                              JUDGE TERRY A. DOUGHTY

**KENNETH HARDY, ET AL**                MAGISTRATE JUDGE WHITEHURST

**REPORT AND RECOMMENDATION**

Pro se plaintiff Edosa Addley Festus Ogbebor ("Ogbebor") filed the instant civil rights complaint on February 29, 2024. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be DISMISSED WITH PREJUDICE.

**I.    Statement of the Case**

Plaintiff's 164-page complaint spans a fourteen-year time period beginning with an incident which led to an arrest in 2008 and ending on September 3, 2022, with an incident involving several of the named defendants.

**II.   Law and Analysis**

   *a.  Screening*

Plaintiff is not a prisoner; nor is he proceeding *in forma pauperis*. Therefore, the screening provisions of Title 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Black v. Hornsby*, 2014 WL 2535168 (W.D. La., May 15, 2014), this Court relied on *Apple v. Glenn*, in which the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528 (1974)). Although pro se pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf. *See Chao v. Dars of Texas*, 2015 WL 6522818, FN 4 (E.D. Tex. 2015). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Therefore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479.

### b. Prescription

Plaintiff sues numerous defendants, making various allegations of civil rights violations. His claims can be divided into six (6) separate incidents: (1) an arrest/event that occurred over a two-day period in August 2008; (2) a second arrest/infringement of his rights which allegedly occurred in April 2021; (3) a third arrest and one day spent in jail on January 9; (4) a fourth arrest on March 28-29, 2022; (5) a fifth arrest on July 5, 2022; and (6) a sixth arrest and alleged unlawful detainment and search on September 3, 2022.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston,* 51 F.3d 512 (5th Cir. 1995); *Longoria*

*v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.,* 635 F.2d 455, 459 (5th Cir. 1981)). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384 (2007).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

In his 164-page complaint, plaintiff raises claims relating to incidents that occurred over a fourteen-year period, from 2008 through 2022. Without addressing the merits of any claims or whether any of the defendants are proper parties to a § 1983 suit, the Court is able to ascertain that all allegations occurred well beyond the expiration of the 1-year period of limitations and therefore, his claims against the defendants have prescribed. Because his claim is time barred, plaintiff has not stated a claim upon which relief can be granted.

### III.    Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 7th day of May, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE