UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**EDOSA ADDLEY FESTUS OGBEBOR**            **DOCKET NO. 6:24-cv-00313**
                                                                        **SECTION P**

**VERSUS**                                                **JUDGE TERRY A. DOUGHTY**

**KENNETH HARDY, ET AL**                      **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Presently before this Court are the original and amended civil rights complaints filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Edosa Addley Festus Ogbebor ("Ogbebor"). Docs. 1, 11. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For reasons stated below, **IT IS RECOMMENDED** that all claims against the following defendants be **DENIED** and **DISMISSED:** University of Louisiana at Lafayette, University of Louisiana Lafayette Police Department, City of Lafayette Police Department, Public Defenders Office, Chris Richard, 15th Judicial District Court, Don Landry, Lafayette Parish District Attorney's Office, Sheriff's Office Lafayette Parish, Thomas Frederick, A Doguet, Gary Hayes, Emilia Pardo, Austin, Mark Garber, Unknown Supervisory Officers, Unknown Police Chiefs, U.S. Air Force, and Unknown Insurance Companies[1].

**IT IS FURTHER RECOMMENDED** that the following claims be dismissed with prejudice as frivolous, for failure to state a claim on which relief can be granted, and for seeking

---

[1] Claims against defendants Kenneth Hardy, Tyler Daigle, Jacob Ortego, David Latisser, Earnest Payne, Wayne Whatley, Cody Hutchinson, Jeff Lavergne, City of Lafayette and Lafayette Consolidated Government will be addressed in a separate Order.

money damages against a defendant who is immune from suit: Counts 8, 9, 26, 27, 29, 30, 21, 32, 33, 34, 35, 37, 38, 41, 44, 45, 48, 49, 50, 53, and 57.

## I. BACKGROUND

Between 2008 and 2025, Mr. Ogbebor was arrested and prosecuted in Louisiana eight different times. On February 29, 2024, he sued numerous defendants under 42 U.S.C. § 1983 for various alleged constitutional violations related to his arrests and prosecutions that occurred thus far. His 164-page pro se complaint included allegations of unlawful arrest, excessive force, illegal search and seizure, due process violations, suppression of his free speech rights, ineffective assistance, prosecutorial misconduct, and systemic failures to train or supervise officers, protect him, or provide adequate redress for his complaints. He sought compensatory and punitive damages and injunctive relief.

On May 22, 2024, Judge Doughty adopted the undersigned's Report and Recommendation (doc. 2) recommending dismissal of the suit pursuant to Louisiana's statute of limitations. Doc. 3.

Plaintiff appealed the Court's ruling. Doc. 5. On March 18, 2025, the Fifth Circuit vacated the Court's order finding that because he is not a prisoner or proceeding in forma pauperis, the district court erred in *sua sponte* dismissing Ogbebo's claims as time-barred, while expressing no opinion as to the ultimate merits of the claims or whether they are, in fact, time-barred. Doc. 6. The Fifth Circuit also held that the Court's failure to construe Ogbebor's objections to the Magistrate's Report and Recommendation as a motion to amend and to consider the allegations and claims contained therein was an abuse of discretion. *Id*. The matter was remanded to this Court for proceedings consistent with that opinion.

On May 5, 2025, Plaintiff filed a 156-page Amended Complaint, adding new parties and claims. Doc. 11. The matter is now ripe for review.

## II.     LAW & ANALYSIS

### A. *Frivolity Review*

Plaintiff is not a prisoner; nor is he proceeding in forma pauperis. Therefore, the screening provisions of Title 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Black v. Hornsby,* 2014 WL 2535168 (W.D. La., May 15, 2014), this Court relied on *Apple v. Glenn*, in which the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure*, sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528 (1974)). Although pro se pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf. *See Chao v. Dars of Texas*, 2015 WL 6522818, FN 4 (E.D. Tex. 2015). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Therefore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479.[2]

---

[2] In response to Plaintiff's request Motions for Default Judgment (docs. 13, 14), the undersigned denied relief, as the defendants in this matter had not yet been served. The Order inadvertently referenced 28 U.S.C. §§ 1915 and

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Improper Defendants

#### a. Lafayette Parish District Attorney's Office, District Attorney Don Landry, Assistant District Attorneys Gary Haynes, Emilia Pardo and Austin

Plaintiff makes allegations of "systemic violations of his constitutional rights" by the District Attorney's Office, District Attorney Don Landry and Assistant District Attorneys Austin, Gary Haynes, and Emilia Pardo. He contends that the office and individual attorneys have initiated and pursued criminal charges against him absent substantial evidence, lacked transparency in prosecutorial decisions, and coerced plea agreements under duress. Doc. 11, pp. 42-43.

Prosecutors have absolute immunity when acting in a quasi-judicial mode. *Imbler v. Pachtman,* 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. *Geter*, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than

---

1915(e)(2) as the authority for its preliminary review of this matter. Plaintiff appealed the undersigned's Order (doc. 16). While Plaintiff is correct in arguing that this Court does not have authority under 28 U.S.C. §§ 1915 or 1915(e)(2), as set forth above, the Court does, in fact, have authority for performing an initial screening of the Plaintiff's Complaint. Now that the Complaint has undergone initial review by the Court, certain defendants and claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid or merit or no longer open to discussion" will be dismissed, the remaining defendants will be served, and the lawsuit will proceed. Accordingly, Plaintiff's appeal of the undersigned's Order is rendered MOOT.

from liability. *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." *Id*. at 1478.

The specific conduct challenged unequivocally falls within the authority of the District Attorney's Office, District Attorney Don Landry, and Assistant District Attorneys Gary Haynes and Emilia Pardo, as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.  Accordingly, Plaintiff's civil rights claims against the Lafayette Parish District Attorney's Office, District Attorney Don Landry, and Assistant District Attorneys Gary Haynes, Emilia Pardo, and Austin should be dismissed with prejudice as frivolous.

### b. *Public Defenders Office, Attorney Chris Richard*

Plaintiff names the Lafayette Parish Public Defender's Office and his court-appointed attorney, Chris Richard.  Doc. 11, pp. 37-38.  He alleges inadequate training, supervision, and oversight on the part of the public defender's office and specifically states that Chris Richard pressured him into accepting a plea deal and failed to provide effective assistance of counsel.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983. *Durham v. Stokes*, 2025 U.S. Dist. LEXIS 46426*, 2025 WL 790945 at *15-16 (W.D. La. Feb. 21, 2025).

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. *Id*.  They serve a private function for their client that follows from the very nature

of the attorney-client relationship and for which no state office or authority are needed. *Id*. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. *See Id. (citing Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Ellison v. DeLa Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (citing *Polk County*, supra); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Mills v. Criminal District Court #3*, 837 F.2d 677 (5th Cir. 1988)(citing *Nelson, supra*).

Accordingly, Plaintiff's civil rights claims against the Lafayette Parish Public Defender's Office and Chris Richard should be dismissed as frivolous.

### c. 15th Judicial District Court, Thomas Frederick, A. Doguet[3]

Plaintiff names the 15th Judicial District Court as a defendant for failing to ensure timely court proceedings, the systematic failure to adhere to procedural rights and infringement of rights to due process and fair trial. Doc. 11, pp. 40-41. He also names Commissioner Judge Andre' Doguet and Commissioner Thomas Frederick as defendants. He complains that Judge Doguet disregarded his "constitutional right to a speedy judicial determination." Doc. 11, p. 40. Specifically, on March 29, 2022, Plaintiff was detained and initially granted a bond. His bond was "inexplicability revoked post-booking, subjecting him to Gwen's Law without the possibility of compliance with the requisite 72-hour window for a judicial determination of probable cause." *Id*. Judge Doguet's "inaction" prolonged his unwarranted detention. *Id*. He alleges that between 2008-2009, Judge Frederick issued multiple judicial warrants related to Plaintiff's criminal proceedings in the 15th JDC. Doc. 11, p. 6. Plaintiff contends that the issuance of a fugitive

---

[3] To the extent Plaintiff seeks to bring claims against Judge Michele Billeaud, Judge Terry A. Doughty and Magistrate Judge Carol Whitehurst (while not listed as a defendant on the Court's docket sheet, these judicial officers are mentioned in the Amended Complaint, doc. 11, pp. 141, 143), such claims should be dismissed for the same reasons stated herein.

warrant in lieu of a "proper bench warrant, absent any evidence of flight or due process notice, constituted judicial overreach and violated Plaintiff's clearly established constitutional rights." *Id*. Plaintiff also implicates Judge Michele Billeaud, as a result of a "special citation misrepresenting the facts and legal timeline" which he alleges was "intended to undermine his credibility and preempt accountability." Doc. 11, p. 143.

Finally, he makes allegations against the undersigned, United States Magistrate Judge Carol Whitehurst, and United States District Judge Terry A. Doughty, complaining that the initial dismissal of the complaint presently before this Court was "devoid of full consideration of Plaintiff's legal arguments" and "appeared to suppress Mr. Ogbebor's attempt to seek redress." *Id.* at p. 141.

It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed. 2d 288 (1967); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L. Ed. 2d 331 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and (3) were centered around a case pending before a judge. *Brewster v. Blackwell*, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the authority of the Judges as judicial officers of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim against Judges Doguet, Frederick, Billeaud, Whitehurst, and Doughty and the Fifteenth Judicial District Court should be dismissed as frivolous.

### d. *Supervisory Officials – Mark Garber, Unknown Supervisory Officers, Unknown Police Chiefs*

Plaintiff names as defendants the Lafayette Parish Sheriff Mark Garber, and Unknown Supervisory Officers and Unknown Police Chiefs. These defendants cannot be held liable simply

because they are supervisors. In claims brought under § 1983, "there is no vicarious liability for supervisors for the conduct of their subordinates," and they cannot be held liable absent "personal involvement or some other form of causation to connect the supervisor to the violation." *Marks v. Hudson*, 933 F.3d 481, 490 (5th Cir. 2019). There is no such personal involvement alleged in this case. Accordingly, Plaintiff's claims against these defendants should be dismissed with prejudice.

### e. *Non-State Actor - Unknown Insurance Companies*

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 930 (1982). "Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983." *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948). Plaintiff has not alleged or shown that any Insurance Companies are state actors. Therefore, these defendants should be dismissed with prejudice.

### f. *University of Louisiana at Lafayette*

The University of Louisiana at Lafayette should be dismissed pursuant to Federal Rule of Civil Procedure 17(b), which provides as follows:

> (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
>
> > (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> >
> > (2) for a corporation, by the law under which it was organized; and
> >
> > (3) for all other parties, by the law of the state where the court is located, except that:

> (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
>
> (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Under Rule 17(b)(3), an entity's capacity to sue or be sued is determined by the law of the state in which the district court is located. *Lancaster v. Harris Cty.,* 821 F. App'x 267, 271 (5th Cir. 2020). In this case, ULL's capacity to be sued is determined by Louisiana law. The Constitution of the State of Louisiana creates the Board of Supervisors for the University of Louisiana System and provides the Board of Supervisors shall supervise and manage the University of Louisiana System. La. Const. Ann. art. VIII, § 6.(A). The Fifth Circuit has ruled that the University of Louisiana at Lafayette Board has the right to be sued in its own name, but the University does not. *See Delahoussaye v. City of New Iberia*, 937 F.2d 144, 148 (5th Cir. 1991). Accordingly, this defendant should be dismissed with prejudice.

### g. *Lafayette Parish Sheriff's Office, City of Lafayette Police Department, University of Louisiana Lafayette Police Department*

Plaintiff has not only sued individual police officers, but also names the Lafayette Parish Sheriff's Office, City of Lafayette Police Department and University of Louisiana Lafayette Police Department as defendants. The City of Lafayette Police Department and University of Louisiana Lafayette Police Department are not legal entities capable of being sued in federal court, so all claims against them should be dismissed. *Duram v. Stokes*, 2025 U.S. Dist. LEXIS 46426*, 2025 WL 790945, *13 (W.D. La. Feb. 21, 2025) (citing *Evans v. City of Homer*, 2007 WL 2710792 (W.D.La.2007); *Martin v. Davis*, 2007 WL 763653 (E.D.La.2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.")).

The Lafayette Parish Sheriff's Office is also not a proper defendant. "A parish sheriff's office is not a legal entity capable of being sued." *Id*. (citing *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273 (5th Cir.1/10/02).

Accordingly, these defendants should be dismissed from this action with prejudice.

### D. Claims

#### a. Count 8 & 9 – Coercion into Plea Deal and Ineffective Assistance of Counsel and Prosecutorial Misconduct against Public Defender Richard, 15th Judicial District Court and District Attorney Landry

For the reasons set forth in Section II(C)(a), (b), (c) above, these claims against these defendants should be dismissed.

#### b. Count 26 - Coercion and Denial of Due Process against Logan, Stipe, Lafayette Consolidated Government

Plaintiff complains that City Attorneys Greg Logan and Mark Stipe infringed on his First Amendment rights by issuing multiple letters insisting that Plaintiff cease communications with the City and the Mayor's office. Doc. 1, pp. 37. In County Twenty-Six, he also alleges coercion and denial of due process under the Fifth and Fourteenth Amendments against Logan, Stipe and LCG. *Id*. at p. 117.

To state a claim for First Amendment retaliation, a plaintiff must allege that (1) "she was engaged in constitutionally protected activity," (2) the official's actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) the official's "adverse actions were substantially motivated against [Doe's] exercise of constitutionally protected conduct." *Johnson v. Bowe,* 856 F. App'x 487, 492 (5th Cir. 2021). Here, Plaintiff failed to plead elements two and three.

First, Plaintiff has not pled any facts or made any allegation that he was injured by these defendants' actions or that those injuries chilled his speech. The Fifth Circuit has found that only

"concrete" injuries can chill protected speech. *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002). For example, concrete injuries like withholding advertising, refusing to pay the plaintiff interest, threatening to divulge confidential information from a sexual assault investigation, or denying a land use permit likely create a chilling effect. *Id*. On the other hand, ominous glares, criticisms, unfair accusations, and unwarranted investigations that do not lead to a tangible harm (even when the plaintiff has been followed and recorded) likely do not chill protected speech. *Id*. (finding a steady stream of false accusations and vehement criticism insufficient); *Pierce v. Tex. Dep't of Crim. Just., Institutional Div*., 37 F.3d 1146, 1150 (5th Cir. 1994) (finding that videotaping the plaintiff in a public place as part of an investigation insufficient where it did not lead to an adverse employment action); *Harmon v. Beaumont Indep. Sch. Dist*., No. 1-12-cv-571, 2014 U.S. Dist. LEXIS 199213, 2014 WL 11498077, at *2, *4 (E.D. Tex. Apr. 7, 2014), aff'd, 591 F. App'x 292 (5th Cir. 2015) (finding ominous staring and taking photographs of plaintiff insufficient).

In this case, Plaintiff has not alleged or pled any facts that either Mr. Logan or Mr. Stipe's actions caused him any injury or would have chilled the speech of "someone with ordinary firmness." Instead, Plaintiff merely alleges that the defendants sent him letters to stop him from contacting the City or the Mayor's office. Plaintiff's allegations, taken as true, do not demonstrate a concrete harm. Without more, defendants' letters are not a concrete harm that would chill the speech of "someone with ordinary firmness." *Id*.

As to Plaintiff's allegations that these defendants' actions constitute coercion and denial of his due process rights, these claims should also fail, as the Court has determined that Plaintiff's First Amendment rights were not violated. A due process claim, whether procedural or substantive, first requires government deprivation of a protected life, liberty or property interest. *Smith v. Acevedo*, 2010 U.S. Distr. LEXIS 152241, *28 (W.D. Tex. Sept. 20, 2010). Because these

defendants did not deprive Plaintiff of a protected liberty interest in his expression, Plaintiff's claim that he was coerced and denied his due process rights should be dismissed.

Accordingly, Count 26 should be dismissed.

### c. Count 27 - Intentional Infliction of Emotional Distress against Logan, Stipe, Lafayette Consolidated Government and University of Louisiana at Lafayette ("ULL")

Plaintiff alleges that the conduct of the City Attorneys, discussed above, constitutes intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions cause the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *Hawkins v. Neal*, No. 6:16-cv-335, 2017 U.S. Dist. LEXIS 121590, 2017 WL 9249822, at *5 (W.D. Tex. May 2, 2017) (citing *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 n.2 (5th Cir. 1997). For conduct to be considered extreme and outrageous, the "conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *McConathy v. Dr. Pepper/Seven Up Corp.,* 131 F.3d 558, 564 (5th Cir. 1998) (per curiam) (citation omitted). Even conduct that is generally cruel, unfair, or threatening does not pass muster as the type of utterly indecent, intolerable, and atrocious behavior necessary to prevail on an intentional infliction of emotional distress claim. *Burgess v. Bassichis*, 2020 U.S. Dist. LEXIS 162176, *23, FN18 (E.D. Tex. Aug. 11, 2020). Accepting as true, and construed in the light most favorable to Plaintiff, the Court finds that the alleged letters written from the City Attorneys to Plaintiff do not constitute the "utterly indecent, intolerable, and atrocious behavior necessary to prevail on an intentional infliction of emotional distress claim." *Burgess, supra.* Accordingly, Count 27 should be dismissed.

>   d. *Count 28 – Violation of Equal Protection and Due Process Rights against ULL; Count 29 – Coercion and Violation of Due Process Rights against ULL*

As discussed in Section II(C)(f) above, ULL is not a proper party in this suit and, therefore, this Count should be dismissed.

>   e. *Counts 30 -35 – Claims against Prosecutors and Public Defender*

As discussed in Section II(C)(a) and (b) above, the District Attorney, his assistants, and the public defender are not proper parties in this suit and, therefore, Counts 30-35 Count should be dismissed.

>   f. *Count 36 – Violation of Due Process against ULL*

As discussed in Section II(C)(f) above, ULL is not a proper party in this suit and, therefore, this Count should be dismissed.

>   g. *Count 38*

Count 38 appears to be identical to Count 13. To the extent that these claims are duplicative, Count 38 should be dismissed.

>   h. *Count 41 – Negligence, Violation of Fourth Amendment, Cruel and Unusual Punishment and Violation of FAA Guidelines against U.S. Air Force, FAA and United States Air Force's 910th Airlift Wing*

Plaintiff claims that on October 25, 2020, he was "subjected to unconstitutional actions stemming from a mosquito-spraying operation conducted by the U.S. Air Force's 910th Airlift Wing with FAA oversight. The aircraft flew directly over Mr. Ogbebor's residence without notice, dispersing chemicals that caused physical injury, violated his right to bodily privacy, and disregarded FAA low-attitude operational rules." Doc. 1, pp. 153-56. It also violated his right to be secure against unreasonable searches and intrusion. *Id*.

Determining whether a complaint states a facially plausible claim for relief is a "context specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2nd Cir. 2007)). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed.R.Civ.P. 8(a) (2)). While the Court is required to accept as true well-pled factual allegations, it need not accept legal conclusions that are "couched as ... factual allegation[s]," *Id*. at 678 (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S 544, 555 (2007)), or conclusory factual allegations without reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). Simply stated, conclusory allegations are not the same as "well-pled" facts and are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. In addition, "clearly baseless" claims, such as those that are "fanciful," "fantastic," or "delusional," may be dismissed as factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). While the court is required to liberally construe a pro se complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the pleading still must contain sufficient "well-pled" factual allegations to support a valid legal cause of action. The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

When assessing this claim under the plausibility standard, the undersigned finds that the complaint fails to state a claim for which relief may be granted because it consists almost entirely of conclusory and clearly baseless allegations, rather than well-pled facts. To proceed with this claim, Plaintiff must provide a factual bridge linking the events that he describes in his pleadings to wrongdoing by the U.S. Air Force and the FAA. *Jacobus v. Huerta*, 2013 U.S. Dist. LEXIS

60880, *14 (S.D. W.V. Feb. 22, 2013) A "sheer possibility" that either party has acted illegally is not enough to state a plausible entitlement to relief. *Id*. Even when accepting as true Plaintiff's assertions that a plane spraying chemicals flew over his property, this does not give rise to a reasonable inference that the U.S Air Force and/or the FAA is engaging in surveillance or violating Plaintiff's constitutional rights. Likewise, the mere presence of aircraft his vicinity does not, without more, lead to the conclusion that the federal government is somehow involved. Plaintiff's allegations are based on speculation and conjecture and should be dismissed. Moreover, Plaintiff's contention that the U.S. Airforce and/or the FAA are responsible for surveillance is particularly implausible when considering their mission and function. *See Jacobus*, 2013 U.S. Dist. LEXIS 60880, at *16. Count 41, and all claims against the U.S. Air Force, the FAA, and United States Air Force's 910th Airlift Wing, should be dismissed with prejudice.

> ***i. Counts 44 & 45 – Judicial Misconduct against Judge Andre Doguet, 15th Judicial District Court, Lafayette Consolidated Government, U.S. Magistrate Judge Carol B. Whitehurst, District Judge Terry A. Doughty***

As discussed in Section II(C)(c) above, these judges are immune from this suit and, therefore, Counts 44-45 should be dismissed.

> ***j. Count 48 – Judicial Misrepresentation Following Return from Jail in 2025 against Judge Michele Billeaud, Court Administrator, Lafayette Consolidated Government***

In Count 48, Plaintiff complains of judicial misrepresentation, alleging that he received a "special citation misrepresenting the facts and legal timeline." Doc. 11, p. 143. As discussed above in Section II(C)(c) above, Judge Michele Billeaud is immune from suit. Plaintiff states no facts to establish that the other defendants named in this Count violated his constitutional rights as it relates to this alleged judicial misconduct. As such, Count 48 should be dismissed.

### k. Count 49 – Suppression of Public Record against Fifth Circuit Clerk of Court

In Count 49, Plaintiff complains that after prevailing on appeal on an issue in the instant matter, the Fifth Circuit Clerk of Court Panel denied his request to publish a decision. The Fifth Circuit Judges are immune from this suit, as discussed above. Moreover, "[c]lerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process. *Evans v. Suter*, 260 F.App'x726, 727 (5th Cir. 2007). The Fifth Circuit Clerk was performing official functions integral to the judicial process, at the order of the judges. This Count should be dismissed.

### l. Count 50 – Unlawful Use of Court-Imposed Sanctions against District Attorney's Office, Pardo, Richard, Landry, Lafayette City Court and 15th Judicial District Court

As discussed in Section II(C)(a) and (c) above, neither the District Attorney, Assistant District Attorneys, Judges of Lafayette City Court nor 15th Judicial District Court are proper parties in this suit and, therefore, this Count should be dismissed.

### m. Count 53 – Failure to Intervene – Supervisory Defendants

Plaintiff contends that "Defendant Supervisory Officers, Defendant Police Chiefs, and Defendant Lafayette Consolidated Government" failed to intervene, enabling "continued constitutional violations." Doc. 11, p. 147.

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally result in injury. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious liability or *respondeat superior* standing alone is insufficient to state a claim under § 1983. *See Iqbal*, 556 U.S. at 676, *citing Monell*, 436 U.S. at 691. *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a]

supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, a plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Supervisory liability can be found to exist if a supervisory official implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights such that it is the moving force behind a constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Plaintiff cannot establish a claim for these defendants' supervisory or policy-making liability because they had no direct supervisory control over any of the arresting officers, nor did they establish policies that Plaintiff contends were violative of his rights. Moreover, "[l]ocal governments can never be liable under section 1983 for the acts of those whom the local government has no authority to control." *Jones*, 4 F.Supp.2d at 613, *citing McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996).

This claim should be dismissed.

### n. Count 57 – Direct Action and Declaratory Relief Against Insurers

As discussed in Section II(C)(e) above, non-state actors are not proper parties to this suit and, therefore, Count 57 should be dismissed.

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against University of Louisiana at Lafayette, University of Louisiana Lafayette Police Department, City of Lafayette Police

Department, Public Defenders Office, Chris Richard, 15th Judicial District Court, Don Landry, Lafayette Parish District Attorney's Office, Sheriff's Office Lafayette Parish, Thomas Frederick, A Doguet, Gary Hayes, Emilia Pardo, Austin, Mark Garber, Unknown Supervisory Officers, Unknown Police Chiefs, U.S. Air Force, and Unknown Insurance Companies be **DENIED and DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the following claims be dismissed with prejudice as frivolous, for failure to state a claim on which relief can be granted, and for seeking money damages against a defendant who is immune from suit: Counts 8, 9, 26, 27, 29, 30, 21, 32, 33, 34, 35, 37, 38, 41, 44, 45, 48, 49, 50, 53, and 57.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, July 7, 2025.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**